| iTHIBODEAUX, Judge,
dissenting. A trial court does not have unbridled discretion to impose any sentence which it deems appropriate. An accused has the right to judicial review of his sentence under Article 1, § 19 of the Louisiana Constitution. An appellate court may consider the entire record of the ease and consider all relevant
factors contained therein. La.Code Crim.P. art. 881.8. These provisions become “relatively meaningless to persons imprisoned if total sentencing discretion is left with a trial court without appellate review for excessiveness. Justice by lottery or whim is not equal justice and is unacceptable in a democratic judicial system.” State v. Soraparu, 93-1636 (La.App. 4 Cir. 1/19/95); 649 So.2d 1100, 1106.
Louisiana Revised Statute 14:31(B) provides:
|2B. Whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years. However, if the victim was killed as a result of receiving a battery and was under the age of ten years, the offender shall be imprisoned at hard labor, without benefit of probation or suspension of sentence, for not less than ten years nor more than forty years.
In this case, the defendant received twenty-five (25) years at hard labor. My review of the record convinces me that Mr. McManus’s sentence was not particularized to the facts of this case and inadequate consideration was given to the codal guidelines enumerated in Article 894.1.
I do not mean to diminish the seriousness of this unfortunate incident nor do I condone the irrational actions of the defendant. However, there are certain considerations which cannot be overlooked because of the circumstances of this case, more particularly the interaction of Mr. McManus’s psychological profile and his relationship with Ms. Moore. Dr. J. Randall Price, a clinical psychologist, observed that Mr. McManus
“goes out of his way to adhere to the expectations of others as to please them. Under this facade, he has deep feelings of inadequacy and personal insecurity ... He has an extremely strong need for a supportive partner — both for appearance sake and to bolster his own inner self-doubt and insecurity.”
Dr. Price diagnosed Mr. McManus with dependent and obsessive-compulsive personality traits, generalized anxiety disorder, alcoholism, and a borderline intellectual capacity. He concluded that
*654 “the unique interaction of Mr. McManus’s long-standing mental and personality disorders are extremely important in understanding the death of Toni Moore. Mr. McManus has an overwhelming need for the attention and affection of a significant other — more so than is normal. He has been extraordinarily lonely for many years which has lead [sic] to both the build-up of resentment and need as well as to increased alcohol abuse. He desperately needs to be in control but cannot maintain it when he is intoxicated. His limited intellectual abilities do not help matters at all due to his deficits in anticipating the consequences of his behavior and in realistically judging a situation. When he |3felt deeply wronged by Ms. Moore, he became intoxicated. Then, to try to maintain a sense of respect about the matter, he went to insist that she and anyone else living on his property move. At the time of the offense charged, Mr. McManus was limited in awareness of what he was doing by his mental and personality disorders and his state of intoxication. His control of his behavior was severely restricted. He tried to kill himself and remains at risk of suicide due to his remorse and to his sense of hopelessness about the future.”
Dr. Paul Ware, a forensic psychiatrist, also examined the defendant and determined that
“[f]ollowing my evaluation and careful review of psychological testing, Mr. Mc-Manus at the time of the offense was suffering clearly a reactive depression related to what he interpreted as a feeling of loss of his girlfriend, Toni Moore, whom he had established a very pathological codependent relationship with.
He not only was suffering from reactive depression which compromised his judgment and thinking but was clearly under the influence of alcohol to a significant degree so that his judgment was even more impaired.
Considering all factors, it appeared because of his mental disease and defect that his judgment to distinguish the right or wrongness of his behavior, in regard to specific conduct, was significantly impaired at the time and if, in fact, he had been of clear mind he would not have committed the act.”
The trial judge manifestly abused his discretion in imposing a 25-year sentence. It is excessive under both the statutory sentencing scheme of La.Code Crim.P. arts. 894.1, 881.3 and 881.4 and Article I, § 20 of the Louisiana Constitution. The penalty is an abuse of discretion and “makes no measurable contribution to acceptable penal goals, and, therefore, is nothing more than needless imposition of pain and suffering.” State v. Everett, 530 So.2d at 624. A sentence of 15 years at hard labor with five years to be served without benefit of probation, parole, or suspension of sentence would be more appropriate under the circumstances of this case. La.Code Crim.P. arts. 881.4 and 893.3.
For the foregoing reasons, I respectfully dissent.